UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

FILED

2007 JAN 19 A 10: 22

U.S. DISTRICT COURT
EASTERN DIST. TENN.

NICHOLAS AARON GOWER,

    Plaintiff,

vs.

GRUNDY COUNTY, TENNESSEE
and SHERIFF BRENT MYERS,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS SHERIFF,

    Defendants

Civil Action No.
JURY DEMAND

## COMPLAINT

This is a civil action for damages brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964, as amended through 1978, 48 U.S.C. Section 2000e-2(c) (1) concerning a claim of discrimination, and under Tennessee State Law concerning a claim of discrimination and retaliation, all in violation of public policy.

## JURISDICTION

This court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. Section 1331 and Section 1343, as well as the Fifth and Fourteenth Amendments to the United States Constitution, and, as to the claim brought under the laws of the State of Tennessee, pursuant to this court's pendent jurisdiction.

In compliance with 42 U.S.C. § 2000 (e), et seq., the Plaintiff has filed a charge of discrimination with the Equal Employment Opportunity Commission, and he has complied with the conditions precedent to the commencement of this action. He received his notice of suit rights in accordance with 42 U.S.C. § 2000 (e), et seq., from the EEOC shortly after the date of lettered notice of October 31, 2006, and therefore this action is timely filed. A copy of said letter is attached hereto as Exhibit A.

1

## PARTIES

1.  The Plaintiff, Nicholas Aaron Gower, ("Mr. Gower") is currently a resident of Winchester, Franklin County, Tennessee having formerly been a resident of Tracy City, Marion County, Tennessee.

2.  The Defendant, County of Grundy ("Grundy County"), is a Tennessee Corporate Municipal entity with its seat in Altamont, Tennessee.

3.  The Defendant, Brent Myers, the current Sheriff of Grundy County, is a resident citizen of Grundy County Tennessee whose residence address is Altamont, Grundy County, Tennessee.

## FACTUAL ALLEGATIONS

4.  On or about November 22, 2004, Mr. Gower began his full time employment with the county of Grundy, specifically the Grundy County Sheriff's Department as a Correctional Officer/Jailer at the Grundy County Jail in Altamont, Tennessee.

5.  Mr. Gower at all times material herein satisfactorily preformed his duties and was an excellent employee. Plaintiff worked eighty-four (84) hours every two (2) weeks.

6.  During the course of performing his duties, Mr. Gower was required to dispense medication to inmates, though he was not himself a nurse, physicians assistant or doctor, had no specialized medical training, and was not overseen in performing this duty by any medical personnel.

7.  On or about August, 2005, Defendant Sheriff Brent Myers was appointed Sheriff of Grundy County to replace the ill and retiring former sheriff, Robert Meeks. This appointment was made by the Grundy County Commission and County Mayor. Defendant Myers continued the practice of having the jailers dispense medication to the inmates, though they were not properly trained or properly overseen by professional medical personnel. On several occasions

subsequent to Defendant Myers appointment as Sheriff, Mr. Gower, knowing through his training as a correctional officer that he should not be dispensing medication in this fashion, expressed concern regarding this practice, as he feared individual and personal liability in continuing in this manner.

8. Additionally, Mr. Gower expressed other concerns regarding jail security and personal safety issues, which included being left alone in the jail building to answer phones, conduct booking and search inmates, with no one else present to back him up in the event of an attack by a prisoner, or to be a witness, should anything of a problematic nature develop. One such problematic issue was having to deal with female inmates that were booked in that Mr. Gower could not properly search because he was the only one present and because he was a male jailer. Mr. Gower avers that uniforms were not provided for correctional employees, and employees were not provided with mace, pepper spray, billy clubs, or anything else with which to protect themselves in the event of an attack by an inmate.

9. Mr. Gower additionally questioned a practice under which officers and individuals not employed by or working for the Sheriff's department, or the jail, were being allowed access to the keys to the cells to come and go and do as they pleased. One of these individuals was a relative of the defendant Brent Myers.

10. Mr. Gower also expressed concern and questioned the practice of chaining and locking the gate that led to the inmate dayroom and the exterior of the building at night, expressing his concerns in the event of a fire.

11. With regard to all of Mr. Gower's concerns defendant Sheriff Brent Myers responded that it was none of his business to question, that he just needed to shut up and do his job. Defendant Myers threatened Mr. Gower many times with termination upon his expressing such concerns regarding dispensing medications, jail security, personal safety and/or liability.

12. Mr. Gower avers that defendant Brent Myers cursed him on at least one occasion because Mr. Gower's mother, Gail Gower, had filed an EEOC Complaint against Defendant Myers and Grundy County, which has been pending at all times pertinent to this matter. Defendant Myers had also instructed all employees of the Sheriffs Department and Jail that they were not to mention the class action lawsuit, in which Mr. Gower was a member of the class, that was filed by several Sheriff Department employees against Grundy County. They were instructed by Defendant Myers that should they do so they would be fired.

13. Mr. Gower further avers that he was confronted by Sheriff Myers and Officer Lonnie Cleek, upon being called to come into the Sheriffs Department/Jail on his day off, on December 1, 2005. Mr. Gower avers that the reason for the confrontation is that the Sheriff and Officer Cleek did not like the way that Mr. Gower was maintaining the logs of his time on the job. Specifically they did not approve of the fact that he referenced when he was left alone at the jail, and they did not approve of the fact that he made note in these logs of every time Officer Creighton left the jail early, usually at approximately 2:00 p.m., instead of at 6:00 p.m., as Mr. Gower did. Mr. Gower informed the Sheriff and Mr. Cleek that he only maintained the log in this way so that he could be accurate in the event of a problem in that these logs showed the times, and duration of time, during which he was left as the only person maintaining the jail. After much discussion he was sent into a room and, when called back into the room, Defendant Myers told Mr. Gower that things were not going to get better, and that he had not given them anything with which to argue for keeping him. Mr. Gower was told that he could pick up a copy of the termination notice referencing why he was being fired the next day after 9:00 a.m.. A copy of this termination notice is attached hereto and incorporated herein by reference.

14. On December 1, 2005, Mr. Gower was terminated from his employment as a jailer at the Grundy County Jail by Defendant Sheriff Brent Myers. Mr. Gower avers that he was

4

terminated wrongfully for refusing to apologize for maintaining detailed logs of activities and events that were allowed to occur at the jail that were highly inappropriate for a jail facility, for questioning events and activities that he found to be highly questionable, for expressing concerns regarding jail security, personal safety and potential individual liability, in retaliation for his being a member of the class action lawsuit filed against Grundy County for violation of the Federal Wage and Hour laws, for questioning orders that required jailers, including himself, to dispense medication to inmates without being under the control and supervision of a nurse or doctor, for questioning being ordered to take the prisoners out into the exercise yard, when no other staff members were present and on duty, after 6:00 p.m., thereby creating a potentially dangerous and precarious situation, and finally Mr. Gower was terminated in retaliation for Gail Gower's EEOC Complaint and ultimate retaliatory discharge suit currently pending in the Federal District Court for the Eastern District of Tennessee.

15. Gail Gower filed her discrimination and retaliatory discharge complaint against Grundy County and former Sheriff, Robert Meeks, on December 15, 2005. Mr. Gower avers that Mr. Myers did not wait until his mother's complaint was filed, having found what was a pretextual reason for termination in advance of this filing.

16. Mr. Gower avers that Sheriff Brent Myers, acting as the duly appointed Sheriff and agent of the County of Grundy, in affecting his termination, did so in retaliation for his voiced concern over jail security, personal safety and personal liability, questionable events and activities allowed at and on the premises of the jail, for maintaining the referenced detailed logs, for questioning being required to dispense medication to inmates without the supervision of duly trained and qualified medical personnel, for being a member of the class action lawsuit referenced herein, and ultimately, in response to Mr. Gower's mother's federal action filed against the County and the former sheriff, all in violation of public policy.

17. As a proximate result of the actions of the Defendant Grundy County and/or its agent complained of herein, Mr. Gower was denied a benefit of employment, and as a result thereof suffered anxiety, apprehension, emotional distress, loss of self esteem, loss of income and therefore has been so damaged.

18. Mr. Gower also avers that as a direct and approximate result of the unlawful discriminatory and retaliatory actions taken by Sheriff Brent Myers, acting for the County of Grundy, in violation of public policy, he has suffered damages.

## COUNT I

19. Mr. Gower re-alleges and incorporates herein by reference the allegations above of Paragraphs 1 through 18 as set forth fully herein.

20. The actions of the Defendants alleged herein were taken under color of state law.

21. The actions of the Defendants alleged herein constitute unlawful discrimination and retaliation in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution and in violation of the Tennessee Human Rights Act as codified at T.C.A § 4-21-301 et seq. and T. C. A. § 4-21-401 et seq..

## COUNT II

22. Mr. Gower re-alleges and incorporates herein by reference the allegations above of Paragraphs 1 through 21 as set forth herein.

23. The actions of the Defendants in terminating Mr. Gower's employment in retaliation for his voiced concern over jail security, personal safety and personal liability, questionable events and activities allowed at and on the premises of the jail, for maintaining the referenced detailed logs, for questioning being required to dispense medication to inmates without the supervision of duly trained and qualified medical personnel, for being a member of the class action lawsuit referenced herein, and ultimately, in response to Mr. Gower's mothers federal

6

action filed against the County and the former sheriff, all in violation of public policy, constitutes Tennessee Common Law retaliatory discharge. The Defendants are thus liable to Mr. Gower for compensatory and punitive damages all of which constitute a cause of action under T.C.A. § 50-3-104, et seq.

WHEREFORE, PREMISES CONSIDERED, Mr. Gower prays as follows:

1. That proper process issue requiring the Defendants to answer this complaint;

2. That he be awarded damages for discrimination, wrongful and retaliatory discharge, including lost wages and employment benefits, future lost wages, loss of earning capacity, loss of enjoyment of life, damage to reputation, embarrassment, loss of self-esteem, emotional distress, fear, anxiety and depression in the amount of Five hundred thousand ($500,000.00) dollars for compensatory damages;

3. That punitive damages be awarded in a like amount of Five hundred thousand ($500,000.00) dollars;

4. That he be awarded post-judgment interest, attorneys fees, discretionary costs, and the cost of this cause;

5. That this case be tried by a Jury;

6. That he have all appropriate general relief.

Respectfully submitted,

*[signature]*

Russell L. Leonard, BPR # 014191
Attorney for Plaintiff
315 North High Street
Winchester, Tennessee 37398
(931) 962-0447

*[signature]* b/p R.L.L.

R. Dee Hobbs, BPR, #010482
Attorney for Plaintiff
701 Market Street, Ste 1217
Chattanooga, Tennessee 37402
(423) 266-6461